UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIS MCDOWELL,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. 2:16-cv-2785 DB

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge erred by finding that plaintiff did not meet Listing 12.05C. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

## PROCEDURAL BACKGROUND

On July 19, 2012, plaintiff filed a child's insurance benefits application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on June 4, 1994. (Transcript ("Tr.") at 303-22.) Plaintiff later amended the alleged disability onset date to June 1, 2011. (Id. at 60.) Plaintiff's alleged impairments included ADHD, cerebral palsy, fetal alcohol syndrome, premature birth, and developmental challenges. (Id. at 165.) Plaintiff's applications were denied initially, (id. at 165-69), and upon reconsideration. (Id. at 172-81.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 6, 2015. (Id. at 56-87.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 56-58.) In a decision issued on April 15, 2015, the ALJ found that plaintiff was not disabled. (Id. at 31.) The ALJ entered the following findings:

> 1. Born on June 4, 1994, the claimant had not attained age 22 as of June 1, 2011, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).
>
> 2. The claimant has never engaged in substantial gainful activity (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairment: borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitation: a limitation to simple repetitive tasks.
>
> 6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on June 4, 1994 and was 16 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

////

2

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2011, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

(Id. at 22-31.)

On September 26, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's April 15, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 23, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

3

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the ALJ erred by finding that plaintiff did not meet the requirements for Listing 12.05C.[2] (Pl.'s MSJ (ECF No. 12) at 5-6.[3]) At step three of the sequential evaluation, the ALJ must determine whether a claimant's impairment or impairments meet or equal one of the specific impairments set forth in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester, 81 F.3d at 828. The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990); see also

---

[2] At issue in this action is former listing 12.05C, which was applicable at the time of the ALJ's April 15, 2015 decision. Effective August 22, 2017, there is no longer a listing 12.05C. However, listing 12.05C has incorporated, with slight variations, in listings 12.05A and 12.05B. See "Intellectual disorder," 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). If a claimant shows that her impairments meet or equal a Listing, she will be found presumptively disabled. 20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

The claimant bears the burden of establishing a prima facie case of disability under the Listings. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). To "meet" a listed impairment, the claimant must establish that her condition satisfies each element of the listed impairment. See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment. Id.

"A claimant satisfies Listing 12.05C, demonstrating 'intellectual disability' and ending the five-step inquiry, if [s]he can show: (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation." Kennedy v. Colvin, 738 F.3d 1172, 1174 (9th Cir. 2013) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C).

Here, with respect to Listing 12.05C, the ALJ found that "the record does not support a finding that the claimant suffers from any impairment other than borderline intellectual functioning which imposes significant work-related limitations of function." (Tr. at 25.) Plaintiff argues that the record does support a finding that plaintiff had an impairment that imposed significant work-related limitations. Specifically, plaintiff argues that Dr. Farah Rana "found that [plaintiff] had sequelae of cerebral palsy which would limit her to medium exertional activities," and that the ALJ either implicitly or mistakenly rejected Dr. Rana's opinion. (Pl.'s MSJ (ECF No. 12) at 5.) Plaintiff is incorrect.

It is true that Dr. Rana examined plaintiff on August 29, 2013, and provided a neurological evaluation. (Tr. at 776-78.) And Dr. Rana's evaluation stated that plaintiff "presents with history of spastic diplegia/cerebral palsy." (Id. at 778.) But Dr. Rana also found that plaintiff's functional capacity allowed for six hours of standing and walking, with breaks, in an eight-hour day, carrying 25 pounds frequently and 50 pounds occasionally, pushing and

5

pulling devices weighing up to 50 pounds, stooping, bending, kneeling, crouching, and climbing on a frequent basis, and that plaintiff did not need any assistive device. (Id.)

Moreover, the ALJ did not implicitly or mistakenly reject Dr. Rana's opinion. Instead, the ALJ found that:

> Although the claimant has alleged disabling pain and other physical symptoms associated with . . . . cerebral palsy, neither Dr. Rana's nor Dr. Kollath's examination nor the claimant's sparse treatment records describe any positive objective findings which would suggest that she suffers from any physical impairment which significantly limits her ability to work. Rather, the claimant's reported physical impairments and limitations are identified on the basis of her subjective history only. I therefore find that the record does not support a finding that the claimant suffers from any "severe" physical impairment which has had more than a minimal effect on her ability to work.

(Id. at 24-25.)

The ALJ also stated:

> . . . I give great weight to Dr. Rana's conclusions as they are consistent with the absence of any significant positive objective findings reported during his examination or by any other physician in connection with the claimant's physical complaints and the absence of any evidence of ongoing treatment for any physical condition.

(Id. at 28.)

Thus, it cannot be said that "the ALJ either failed to understand the import of Dr. Rana's opinion or he implicitly rejected [it] without explanation." (Pl.'s MSJ (ECF No. 12) at 6.) For the reasons stated above, the court finds that plaintiff is not entitled to summary judgment on the claim that the ALJ erred in determining that plaintiff did not meet Listing 12.05C.

## CONCLUSION

The court has found that plaintiff is not entitled to summary judgment on the only claim alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is granted;

////

3.  The decision of the Commissioner of Social Security is affirmed; and

4.  The Clerk of the Court shall enter judgment for defendant, and close this case.

Dated:  September 5, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\mcdowell2785.ord